COMMERCIAL INVESTMENT TRUST INCORPORATED *vs.*
ANTOINE E. LAMBERT *et al.*

NOVEMBER 21, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(*1*)   *Agency.*

Where the defence to an action on a promissory note was payment to plaintiff's agent, defendant made a *prima facie* case showing authority in the agent to collect by evidence of plaintiff's local manager that he knew the agent as a special adjuster and that he met him in connection with the case of the maker of this and other notes, the natural inference from his testimony being that he knew the agent as one having authority to collect accounts of this nature.

(*2*)   *Trial.   Evidence.   Exceptions.*

Where the record does not show the contents of excluded documents the assumption is they were rightfully excluded.

RATHBUN, J.   This is an action in assumpsit brought in the Superior Court by the holder of a promissory note against the maker and an accommodation indorser to collect

a balance alleged to be due on the note. The trial justice directed a verdict for the plaintiff and the case is before us on the defendants' exception to such direction and on exceptions to the admission and exclusion of evidence.

The plaintiff is engaged in the business of financing automobile sales. The note in question was made by Antoine E. Lambert and, after being indorsed for accommodation by his brother Joseph, was, together with other similar notes, delivered to Ralph Dyer, an automobile dealer, in conditional payment for an automobile. The plaintiff discounted the note for Dyer.

Defendant, Joseph N. Lambert, the accommodation indorser, attempted to prove that he had paid the note to plaintiff's agent Horace S. Pender. But the trial justice being of the opinion that the agency of Pender to collect had not been established, Joseph was not permitted to show his dealings with Pender. The plaintiff neither admitted nor denied the agency but insisted upon proof. The important testimony bearing upon this question was given by Floyd W. Buswell, who was manager of the Rhode Island branch of the plaintiff's business and who, as such manager, purchased from Dyer the note in question. Buswell testified on cross-examination that he knew a man by the name of Pender and supposed he was the Pender involved in this case; that Pender "was a special adjuster for the Commercial Investment Trust Inc."; that he covered the whole country and "worked out of the home office" which was situated in the city of New York. Buswell testified again later as a witness called by the defendants. It is apparent from his testimony that he had no desire to assist the defendants in proving agency. When asked whether he knew that a man by the name of Pender was employed by the Commercial Investment Trust Inc., he answered: "No, sir, I assume that he was, but I don't know." He and another man employed in his office went from Providence, R. I., to Mansfield, Mass., to have breakfast with Pender at a hotel. The natural inference to be drawn from Bus-

well's testimony was that he knew that Pender was an agent with authority to collect and adjust accounts of this nature and that Buswell and his assistant journeyed to Mansfield not merely to partake of breakfast as a guest of Pender but also to assist him in collecting either this or similar notes which Buswell had purchased for the plaintiff from said Dyer. Buswell testified as follows: "Q. How did you happen to breakfast with Mr. Pender? In other words, what brought you up to Mansfield? A. He called me up and asked me, said he was around, and I knew he was in some way connected with the company and he said he was out there on the Dyer case. I didn't know what that was at the time—and I was naturally interested and so he says, 'Come out and have breakfast with me', and I went out together with another man in the office. . . . Q. Do you know what his purpose was in Mansfield at that time? A. I understand it was in connection with the Dyer cases, they had had some trouble with that dealer, that he had not proved to be exactly straight."

It would be difficult for a stranger to prove the details as to Pender's authority but we think the defendants made a *prima facie* case showing authority in Pender to collect the balance on the note or adjust the account by compromise and that it was error to exclude evidence tending to show either payment to Pender or an adjustment and settlement of the account with him.

The defendants excepted to the exclusion of an unsigned post card which purported to have been sent by the plaintiff and a letter written by Pender on the plaintiff's letterheads. The record not showing the contents of these writings, we must assume they were rightfully excluded. *Whittier* v. *Collins*, 15 R. I. 90; *Messier* v. *Messier*, 34 R. I. 233.

Defendants' exceptions 5 and 6 are sustained. Their other exceptions are overruled and the papers in the case are ordered sent back to the Superior Court for a new trial.

*Harold R. Semple,* for plaintiff.

*Rosenfeld & Hagan,* for defendant.